FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY 24 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ELAINE LUPO,

                          Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
---------------------------------------------------------------x

**MEMORANDUM & ORDER**

07-CV-4660 (ENV)

**VITALIANO, D.J.**

The Commissioner of Social Security (the "Commissioner") has moved under Local Civil Rule 6.3 for reconsideration of this Court's Memorandum & Order, entered April 4, 2011, which denied the Commissioner's motion for judgment on the pleadings and remanded the instant case for further administrative proceedings. For the reasons stated below, the motion for reconsideration is denied.

## I. DISCUSSION

Familiarity with the underlying facts of this case is presumed. Local Civil Rule 6.3 allows motions for reconsideration regarding "matters or controlling decisions which counsel believes the court has overlooked." Local Civ. R. 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Nothing in the Commissioner's motion for reconsideration alters the outcome of this case. First, regardless of how Lupo's former job is classified under the Social Security

1

regulations, remand is warranted by the ALJ's glaring misidentification of Dr. Sheehy as her treating physician, and his complete failure to consider the records and opinions of her *actual* treating physician, Dr. Harrison. As the Court stated in its April 4 decision, "[t]his error alone is fatal, eviscerating any reasonable confidence in the ALJ's determination, and requires remand."

Second, as to the effect of the 2003 Social Security regulations on the burden to be accorded in step five of the disability analysis, compare Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009), with Curry v. Apfel, 209 F.3d 117, 122-23 (2d Cir. 2000), the Commissioner's argument is unavailing. Whether the 2003 regulations had retroactive effect on individuals claiming onsets of disability prior to that time — including Lupo, who claims an onset of disability in 2002 — is still an unsettled question. In Poupore, the Second Circuit "decline[d] to reach the issue" but noted its agreement with the Commissioner's argument that the new regulations "abrogated Curry v. Apfel at least in cases where the onset of disability was after the regulations were promulgated on August 26, 2003." Poupore, 566 F.3d at 306. Yet regardless of the ultimate resolution of this unsettled question, it will not be outcome determinative here.

Finally, as to the weight to be accorded to one-time evaluations made at the behest of a claimant's employer, the Commissioner's argument fails — and worse, misstates the Court's order. The Commissioner suggests that the Court's order held that such evaluations "are not entitled to *any* weight" (Commissioner's Br. 11 (emphasis added)), but the Court actually held that "the ALJ gave undue consideration to the reports." To reiterate, on remand, the ALJ shall account for any potential bias by giving relatively *less* weight to the evaluations made at the behest of Lupo's employer, the Board of Education, in accordance with long-standing Second Circuit case law. See Diaz v. Shalala, 59 F.3d 307, 314 n.9 (2d Cir. 1995) (finding no error by the ALJ because he "appear[ed] to have taken account of any possible bias by those who

2

provided opinions"); Cullinane v. Sec'y of Dept. of Health & Human Servs. of U.S., 728 F.2d 137, 139 (2d Cir. 1984) ("It can hardly be questioned that a report submitted by a witness whose self-interest may well have dictated its contents cannot and should not be permitted to constitute substantial evidence."); Odorizzi v. Sullivan, 841 F. Supp. 72, 78 (E.D.N.Y. 1993) (discounting "reports at the behest of a party with a vested interest in minimizing plaintiff's impairments").

## II. CONCLUSION

For the reasons stated above, the motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
May 16, 2011

_____
ERIC N. VITALIANO
United States District Judge